# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CARLA BRADLEY, )<br>          Plaintiff, )<br>)<br>v. )<br>)<br>COMMERCE BANK, N.A., et al., )<br>)<br>          Defendants. ) | No. 09-1084-CV-W-FJG |

## ORDER

Currently pending before the Court are (1) Defendants' Partial Motion to Dismiss or, alternatively, for Summary Judgment (Doc. No. 5); (2) Plaintiff's Request for Ruling on Characterization of Defendants' Submitted Pleading Found in Document 5 as a Motion for Summary Judgement (Doc. No. 8); and (3) Plaintiff's Motion for an Extension of Time to Respond to Partial Motion to Dismiss or for Partial Summary Judgment (Doc. No. 9).

As a preliminary matter, defendants filed no objection to plaintiff's request to characterize its motion as one for summary judgment (Doc. No. 8) or plaintiff's motion for extension of time (Doc. No. 9). Both motions are, in actuality, requests for plaintiff to have additional time to respond to defendants' motion. On February 12, 2010, plaintiff filed suggestions in opposition to defendants' motion. Therefore, the Court will **GRANT** plaintiff's motions (Doc. Nos. 8 and 9) and will treat plaintiff's suggestions in opposition (Doc. No. 10) as timely filed.

### I. Defendants' Partial Motion to Dismiss or, alternatively, for Summary Judgment (Doc. No. 5)

Defendants Commerce Bank and Mary Raymond seek partial dismissal of plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, summary judgment pursuant to Fed. R. Civ. P. 56. Defendants state that plaintiff's claims under the Missouri Human Rights Act ("MHRA") fail because plaintiff has not and cannot obtain a Missouri

Commission on Human Rights ("MCHR") "right to sue" letter, a condition precedent to making her claims. Defendants further argue that plaintiff's claims for "emotional distress" and "negligent supervision" fail because the Court lacks subject matter jurisdiction over said claims, arguing that under Missouri law, worker's compensation laws provide the sole remedy for plaintiff. Additionally, defendants assert that plaintiff's negligent supervision claim is really a claim for wrongful discharge, and Missouri law prevents plaintiffs from alleging tort-like claims to circumvent the at-will employment doctrine. Further, defendants claim that plaintiff's Title VII claims fail because plaintiff did not bring her claim within ninety days of receiving her Equal Employment Opportunity Commission ("EEOC") "right to sue" letter, a condition precedent for bringing such a claim.[1]

### A. Facts

On May 30, 2008 and June 25, 2008, plaintiff dual filed Charges of Discrimination with MCHR and EEOC, claiming discrimination and harassment based on race and retaliation in the former, and only retaliation in the latter. On or around April 30, 2009, the MCHR issued a No Probable Cause finding. The MCHR determination did not include a notice of right to sue. On or around May 4, 2009, plaintiff received a copy of the MCHR's No Probable Cause finding.

On or about August 3, 2009, plaintiff commenced this action against defendants in the Circuit Court of Jackson County, Missouri (Case No. 0916-CV24519). Plaintiff's Petition consisted of what appeared to be one count against defendants: discrimination under the Missouri Human Rights Act ("MHRA"). See Doc. No. 6, Ex. C, ¶ 16. Plaintiff attempts to controvert this statement, noting that her petition was in one Count but she believes the allegations can be construed as claims under both the MHRA and Title VII.

Within plaintiff's original Petition, plaintiff represented her Notice of Right to Sue ("right to sue letter") from the MCHR was dated May 5, 2009. Plaintiff did not attach a right

---

[1] Notably, defendants do not seek dismissal of plaintiff's 42 U.S.C. § 1981 claims.

to sue letter to her Petition. On or around August 27, 2009, the EEOC issued plaintiff federal "right to sue" letters.

On or about September 11, 2009, defendant responded to plaintiff's MHRA claim in plaintiff's Petition by moving for Summary Judgment, arguing plaintiff could not have received a "right to sue" letter from the Missouri Commission on Human Rights ("MCHR") as the MCHR issued a No Probable Cause and case closure letter. On or about October 14, 2009, plaintiff opposed the Motion by requesting time to search for a "right to sue" letter. Within plaintiff's opposition, plaintiff admitted receiving the No Probable Cause, case closure letter on May 4, 2009, and did not file a timely appeal. On December 17, 2009, plaintiff filed a Supplemental Opposition to defendant's Motion for Summary Judgment, attaching the August 27, 2009 EEOC "right to sue" letters on her MHRA claim. See Plaintiff's Supplemental Response and Notice of Filing of Amended Petition, attached as Exhibit G to Doc. No. 6.

On December 17, 2009, plaintiff also filed and served a First Amended Petition as a matter of right, thereby mooting defendant's Motion for Summary Judgment, and all responses related thereto. In her December 17, 2009, filing, plaintiff raised claims alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") (Counts I and IV). See Ex. D to Doc. No. 6. Although defendant claims that this is the first notice it received of plaintiff's Title VII claims, plaintiff states that her original petition sufficiently stated a claim under Title VII. The First Amended Petition also included claims under the MHRA (Counts I and IV), a claim under Section 1981 (Counts I and IV), a claim of intentional and/or negligent infliction of emotional distress (Count II) and a claim of Negligent Supervision (Count III).

On December 28, 2009, defendants filed their notice of removal, as well as the pending motion to dismiss or for summary judgment.

3

### B. Standard

#### 1. Rule 12(b)(6)

The Supreme Court recently clarified the standard to be used in Rule 12(b)(6) motions. In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the Supreme Court rejected the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

Id. at 1964-65 (internal citations and quotations omitted). The Court went on to note that, "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 1965 (internal citations and quotations omitted). The Court emphasized that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, the complaint must be dismissed." Id. at 1974. The Court further accepts as true all factual allegations and inferences reasonable drawn from those allegations, construing the complaint in the light most favorable to plaintiff. Warth v. Seldin, 422 U.S. 490, 501 (1975).

#### 2. Summary Judgment

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c);

4

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Lower Brule, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. Id. Rather, "the disputes must be outcome determinative under prevailing law." Id. (citations omitted).

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts." Matsushita, 475 U.S. at 586. Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327.

    **C.**    **Analysis**

        1.    MHRA Claims

Defendants state that plaintiff's claims under the MHRA must be dismissed because she cannot produce a right to sue letter. In response, plaintiff agrees that her MHRA claims must be dismissed. Therefore, defendants' motion will be **GRANTED** as to plaintiff's MHRA claims pled in Counts I and IV of her First Amended Petition, and those claims are

5

**DISMISSED.**

    2.  Emotional Distress and Negligent Supervision Claims

Defendants seek dismissal of plaintiff's claims for negligent infliction of emotional distress (NIED) and intentional infliction of emotional distress (IIED) (together, Count II) and negligent supervision (Count III), as workers' compensation is the exclusive remedy for an employee's injury arising out of and in the course of her employment. See R.S. Mo. § 287.120; State ex rel. Ford Motor Co. v. Nixon, 219 S.W.3d 846, 849 (Mo. Ct. App. 2007); Waldermeyer v. I.T.T. Consumer Financial Corp., 767 F.Supp. 989, 993-94 (E.D. Mo. 1991); State ex rel. Title Loan Co. v. Vincent, 239 S.W.3d 136, 138-39 (Mo. Ct. App. 2007).

Plaintiff responds that her claims are not subject to the Workers Compensation Act and are therefore not preempted. Plaintiff states that she is not seeking relief for physical or personal injury, and is instead seeking economic damages arising from defendants' negligent conduct. Plaintiff argues that the damages she is seeking do not arise out of her employment, but out of the termination of her employment (citing a Colorado case, Hoffsetz v. Jefferson County School Dist., 757 P.2d 155, 158 (Colo. Ct. App. 1988)).[2]

Defendants note in their reply that plaintiff does not complain about termination of employment in her first amended petition. Instead, at the time she brought this suit, plaintiff was still an employee of defendant Commerce; therefore, her citation to the Colorado case is inapposite. Further, defendants note that the plain language of plaintiff's claims indicates that she is complaining of physical injury: she alleges defendants' conduct caused "emotional distress resulting in bodily harm," "diagnosable symptoms," "pain and suffering," "mental distress," and "loss of sleep." See Doc. No. 6, Ex. D, pp. 5-7, ¶¶ 18, 21, and 25.

---

  [2]Plaintiff also asserts that "numerous federal decisions recognize that plaintiffs encountering discriminatory conduct can pursue numerous avenues of relief under both federal and state law." Doc. No. 10, p. 3 and cases cited therein. However, after reviewing the cases cited by plaintiff, the Court is unable to adduce how these cases help plaintiff demonstrate that her claims for emotional distress and negligent supervision are not covered by Missouri's Workers' Compensation statute.

Finally, defendant notes that to establish necessary elements of Count II of plaintiff's complaint, she must prove that the employer's conduct resulted in bodily harm or medically diagnosable mental injury (see Central Missouri Elec. Co-op v. Balke, 119 S.W.3d 627, 636 (Mo. Ct. App. W.D. 2003) (IIED elements); Jarrett v. Jones, 258 S.W.3d 442, 445 (Mo. 2008) (NIED elements)). Similarly, with Count III, plaintiff must prove the employer's conduct caused a breach that proximately caused actual injury and resulted in actual damages. See Cook v. Smith, 33 S.W.3d 548, 553 (Mo. Ct. App. W.D. 2000). Defendants note that as plaintiff's claims involve damages from personal injury arising in the course of employment, those claims are covered by Missouri Workers' Compensation law and cannot be brought in this forum. This Court agrees.

Therefore, for all the reasons stated in defendants' motions, suggestions in support, and reply suggestions, defendants' motion to dismiss Counts II and III of plaintiff's complaint is **GRANTED.**

### 3. Negligent Supervision/Wrongful Discharge

Defendants, in the alternative, seek dismissal of plaintiff's claims for negligent supervision (Count III) because Missouri law prohibits the use of tort claims to subvert the condition that wrongful discharge claims are not available to at-will employees. See Doran v. Chand, 284 S.W.3d 659, 665 (Mo. Ct. App. 2009)(dismissing negligent supervision claims due to alleged failure to prevent race discrimination against at-will employees). Defendants state that plaintiff's negligent supervision claim is in fact a wrongful discharge claim as it alleges a "breach . . . through loss of job and benefits." See Doc. No. 6, Ex. G, ¶ 32.

Plaintiff asserts in her opposition that this claim is valid. She states that she is not pursuing a wrongful discharge claim, and is seeking damages above and beyond loss of job benefits such as damages for emotional injuries. Defendants, in reply, note that plaintiff's counsel should be aware of the prohibition of these types of claims because she

7

Case 4:09-cv-01084-FJG    Document 17    Filed 05/14/10    Page 7 of 11

represented the plaintiffs in Doran. Further, defendants note that plaintiff's claims for emotional injuries related to an alleged termination are barred under Missouri law. See Doran v. Chand, 284 S.W.3d 659, 665 (Mo. Ct. App. 2009)(citing Neighbors v. Kirksville Coll. of Osteopathic Med., 694 S.W.2d 822, 824 (Mo. App. W.d. 1985)).

For all the reasons stated in defendants' motion, suggestions in support and reply suggestions, defendants' motion to dismiss Count III of plaintiff's petitions is **GRANTED** on this alternate basis, as well.

### 4. Title VII Claims

Defendants seek dismissal of plaintiff's Title VII claims as they believe that they are untimely. Defendants note that any lawsuit based on the underlying Charge of Discrimination must be brought within 90 days of receipt of the notice, or the right to sue will be lost. See 42 U.S.C. § 2000e-5(f)(1). It is presumed that notice is received three days after notice is mailed. See Tillman v. Hussman, 2006 U.S. Dist. LEXIS 50641 at *3 (E.D. Mo. 2006). Defendants assert that, as plaintiff did not file her first amended petition until December 17, 2009, her claims are untimely, as December 17 is more than 93 days from August 27, 2009, the day the EEOC issued the right to sue letters. Defendants further note that plaintiff's Title VII claim should be dismissed as to Defendant Raymond because the Eighth Circuit has held that supervisors are not subject to individual liability under Title VII. Bonomolo-Hagen v. Clay Cent.-Everly Comm. Sch. Dist., 121 F.3d 446, 447 (8th Cir. 1997).

Plaintiff claims in her opposition that her Title VII claim is timely. She asks that the Court afford her petition with a liberal construction, noting that her original petition was filed on August 3, 2009. She received her right to sue letter on August 27, 2009. Plaintiff notes that receipt of a right to sue letter is not a jurisdictional prerequisite to filing a discrimination claim; instead, a suit may be brought, and then once the right to sue letter is issued, the suit can proceed. See Vankempen v. McDonnel Douglass Corp., 923 F.Supp. 146 (E.D.

Mo. 1996). Plaintiff suggests that her original petition, while only pleading a cause of action under the MHRA, sufficiently pled the elements of a Title VII action that defendants ought to have been on notice of her claims. Specifically, plaintiff asserts that she pled that she is a member of a protected class, that she engaged in protected activity, that her employer took adverse employment action against her, and that there was a causal connection. See Moore v. Forrest City School District., 524 F.3d 879, 883 (8th Cir. 2008). Plaintiff asserts that her amended petition should be found to relate back to the date of the filing of her original petition, under Fed. R. Civ. P. 15.[3]

In their reply, defendants note that plaintiff did not respond to their argument that the Eighth Circuit has "squarely held" that supervisors may not face individual liability under Title VII. This Court concurs, and finds that plaintiff's Title VII claims as to defendant Raymond must be **DISMISSED.**

In further reply, defendants re-assert that plaintiff's Title VII claims are untimely. Defendants argue in response to plaintiff's "relation-back" theory, that at the time plaintiff filed her original petition, plaintiff did not have a viable claim, as she has now conceded (see above, in relation to plaintiff's MHRA claim). Defendants state that this non-viable MHRA claim is insufficient notice that plaintiff had a colorable right of recovery, citing Schiavone v. Fortune, 477 U.S. 21, 31 (1986)(establishing that notice is the linchpin to relation-back theories).

After reviewing the parties' briefs and the law regarding Fed. R. Civ. P. 15(c)(1)(B), the Court finds that plaintiff's Title VII claims should not be dismissed as untimely. The Court, instead, finds that the plaintiff's MHRA discrimination claim pled in her original

---

[3] Although plaintiff cites to Fed. R. Civ. P. 15(c)(2), plaintiff should be advised that she is citing to an old version of the Federal Rules of Civil Procedure. The Court presumes that plaintiff means to cite to Fed. R. Civ. P. 15(c)(1)(B), which provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading."

9

petition sufficiently put defendant on notice of the facts underlying plaintiff's Title VII claims. See Baker v. John Morrell & Co., 266 F.Supp.2d 909, 929, n.3 (N.D. Iowa 2003)(affirmed 382 F.3d 816 (8th Cir. 2004)) (finding that plaintiff's ICRA claims would relate back to the date of the original pleading as they arose out of the identical set of facts as plaintiff's Title VII claims and allege the same theories of discrimination); Boone v. Union Carbide Corp., 205 F.Supp.2d 689, 693-94 (S.D. Tex. 2002)(finding that, even though plaintiff's Texas Commission on Human Rights Act (TCHRA) claims were subsequently dismissed for lack of subject matter jurisdiction, plaintiff's amended complaint asserting Title VII claims against her employer "related back" for limitations purposes to the date of her original complaint because the Title VII claims arose out of identical conduct, transactions, or occurrences as the TCHRA claim, providing the employer adequate notice within Title VII's 90-day limitations period).

Therefore, defendants' motion to dismiss or for summary judgment as to plaintiff's Title VII claims against defendant Commerce Bank, N.A. will be **DENIED.**

## II. Conclusion

Therefore, for the foregoing reasons:

(1) Defendants' Partial Motion to Dismiss or, alternatively, for Summary Judgment (Doc. No. 5) is **GRANTED IN PART** as it relates to (a) plaintiff's MHRA claims in Counts I and IV of her First Amended Petition,(b) Count II of her First Amended Petition; (c) Count III of her First Amended Petition; and (d) plaintiff's Title VII claims as asserted against Defendant Raymond in Counts I and IV of her First Amended Petition; and **DENIED IN PART** as it relates to plaintiff's Title VII claims asserted against Defendant Commerce

10

Bank, N.A. in Counts I and IV of her First Amended Petition;

(2) Plaintiff's Request for Ruling on Characterization of Defendants' Submitted Pleading Found in Document 5 as a Motion for Summary Judgement (Doc. No. 8) is **GRANTED**; and

(3) Plaintiff's Motion for an Extension of Time to Respond to Partial Motion to Dismiss or for Partial Summary Judgment (Doc. No. 9) is **GRANTED.**

**IT IS SO ORDERED.**


Date: 05/14/10
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge